IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN V. GOUGH, JR., | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. DKC-16-531 |
| CALVERT COUNTY SOCIAL SERVICES TAMMY LAFFERTY | : | |
| | : | |
| Defendants | | |

**MEMORANDUM OPINION**

John V. Gough, Jr. ("Gough"), a resident of Washington, D.C., seeks money damages and criminal prosecution of the Calvert County Department of Social Services ("DSS") and Calvert County Senior Assistant State's Attorney Tammy Lafferty.[1]  Gough alleges they conspired, causing him to suffer defamation, malicious prosecution and arrest, and other tortious injury with regard to paternity and child support actions.[2]

The Complaint fails to state a claim upon which relief may be granted.  First, this court does not have jurisdiction to review Gough's challenges to state orders requiring his payment of child support. "Under the *Rooker-Feldman*[3] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a

---

[1] Gough has failed to provide a filing fee or indigency affidavit with his Complaint.  As the case may not proceed, he shall not be required to correct this deficiency.

[2] Maryland's electronic docket reveals that Gough was named in two paternity cases filed in the Circuit Court for Calvert County.  *See* Case No. 04P97000102, *Sarah Elizabeth King and DSS v. John V. Gough, Jr.* (ongoing child support initiated in 1997 and ending on March 1, 2013) (casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?) and Case No. 04P85000045, *Gretchen Elaine Harris & DSS v. John V. Gough, Jr.* (ongoing child support initiated in 1985 and ending in 2003) (casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?).  Tammy Lafferty represented DSS and the plaintiffs in each case.

[3] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003), quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this court is free to raise it at any time. *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir. 1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391.

Secondly, to the extent Gough intends to seek damages for civil rights violations, his complaint fails to state a federal claim. To sustain an action under 42 U.S.C. § 1983, Gough must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Calvert County's DSS is not a "person" subject to suit or liability under § 1983.

Further, Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Because absolute immunity is designed to protect the judicial process, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). The decision to pursue child support payment is "quasi-judicial," and therefore, Defendant Lafferty enjoys absolute immunity for her actions on behalf of DSS and the affected mothers and children.

Finally, Gough has no legally protected interest in the prosecution of others. The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) aff'd, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), cert denied, ____ U.S. ____, 133 S. Ct. 1263 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

For these reasons, the Complaint shall be dismissed, by separate Order to follow.

Date:   February 29, 2016                        /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge